GILLESPIE, Chief Justice:
Mrs. Elsie Hatcher filed suit in the Chancery Court of Newton County against Dason E. Alexander and his wife, Mrs. Clara Bee Alexander. The defendants' general demurrer was sustained, the bill of complaint was dismissed, and complainant appeals.
The bill of complaint averred that complainant was the owner of fifteen acres of land described by metes and bounds. She deraigned her title and averred that complainant had been in adverse possession of the land since 1936. The bill averred that the defendants, over protest of the complainant, wilfully entered the complainant’s property, cut a quantity of timber, destroyed a large number of young trees, and otherwise damaged the property with a bulldozer and tractor. It averred that the defendants fenced a portion of complainant’s land and claimed it as their own.
Complainant prayed for a decree adjudging that she was the owner of the land, cancelling the claims of defendants as clouds on her title, judgment for statutory damages for cutting the trees and for the value of the timber cut, and for an in *425 junction enjoining the defendants from trespassing on complainant’s property. She also prayed for cancellation of a part of a deed dated November 26, 1954, but there are no allegations justifying any relief with respect to said deed. In fact, the copy of the deed was not annexed to the bill.
The bill of complaint in this case is inadequate in many respects, but we are of the opinion that it was sufficient to state a cause of action. The defendants concede that the bill of complaint states a cause of action for the recovery of damages, but contend that no relief of an equitable nature could be granted under the bill. We are of the opinion, however, that the bill is sufficient to charge that the defendants claimed some of complainant’s land, fenced it, and erected “posted” signs. Conceding that the question is fairly close because of the vagueness of the bill of complaint, we hold the demurrer should have been overruled.
In accordance with the trend of modern judicial opinion it has been definitely established as a rule by our latest cases that attempt should not be made to settle close and difficult questions of law and right on a demurrer. If the demurrer raise merely a doubtful question or if the case be such that the cause of justice will probably be promoted by a determination of the ultimate right only on answer and proof, the court ought to exercise a fair judicial discretion to that end, although it may be that in technical point the grounds of the demurrer are sustainable in strict law. (Griffith, Mississippi Chancery Practice, 2d ed. § 310 at 297 (1950)).
Upon remand of this case, it would undoubtedly be useful to the parties and helpful to the court to amend the bill to clarify the relief sought.
Reversed and remanded.
JONES, BRADY, INZER and SUGG, JJ., concur.